**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIS KING DAVIS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67011

**FILED**

NOV 1 3 2015



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of robbery with use of a deadly weapon and possession of stolen property. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Appellant contends that the district court erred by allowing the State to introduce the victim's preliminary hearing testimony at trial. Testimony given during a preliminary hearing may be used at trial if (1) the defendant was represented by counsel at the preliminary hearing, (2) counsel cross-examined the witness, and (3) the witness is shown to be unavailable. *Hernandez v. State*, 124 Nev. 639, 645, 188 P.3d 1126, 1130 (2008). NRS 174.125 requires a party to move to admit preliminary hearing testimony at least 15 days before trial unless good cause is shown. To demonstrate good cause, the State must demonstrate that it made reasonable efforts to procure the witness' attendance before the statute's deadline expired. *Hernandez*, 124 Nev. at 648, 188 P.3d at 1133.

We conclude that the district court did not err. Davis effectively cross-examined the victim at the preliminary hearing. *See Chavez v. State*, 125 Nev. 328, 339, 213 P.3d 476, 484 (2009). The State

15-34663

reasonably believed the victim would appear for trial because she had shown up on two prior occasions without incident, and although she missed the first scheduled trial date, she explained that her failure to appear was a result of problems with her phone. *See Hernandez*, 124 Nev. at 652, 188 P.3d at 1135 (holding that it was reasonable for the State to rely upon a witness' promise to appear because it was unforeseeable that she would suffer a family emergency). The State's attempts to locate the victim after it lost contact with her were also reasonable and satisfy the good cause requirements. *Id.*

Next, appellant contends that the district court abused its discretion by allowing the State to introduce a recorded phone call that was disclosed shortly before trial. As appellant fails to demonstrate that the State acted in bad faith or that he was prejudiced due to the tardy disclosure of the phone call given the circumstances, we discern no abuse of discretion. *See* NRS 174.295(2); *Evans v. State*, 117 Nev. 609, 638, 28 P.3d 498, 518 (2001). Accordingly, we

ORDER the judgment of conviction AFFIRMED.[1]

_____, C.J.
Hardesty

_____, J.        _____, J.
Parraguirre        Douglas

---

[1]Appellant also contends that cumulative error warrants reversal of his convictions. Because we have found no error, there are no errors to cumulate.

cc: Hon. Douglas W. Herndon, District Judge
JZS Law Group
Roy L. Nelson, III
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk